**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: September 18 2018**

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 18-31183 |
| | ) | |
| Lexie Marie Purdy, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge John. P. Gustafson |

### MEMORANDUM OF DECISION AND ORDER REGARDING JUDICIAL LIEN AND RELIEF FROM STAY

This case came before the Court for hearing on August 24, 2018 on the issue of whether Movants Jeffrey Simpson and Kelli Simpson's ("Movants") Allen County Judgment ("Judgment") sufficiently complies with Ohio law to create a valid lien ("Judgment Lien") that grants them standing to pursue relief from stay as to two of Debtor Lexie Marie Purdy's ("Debtor") pieces of real property. Movants filed a Motion for Relief from Stay ("Motion") [Doc. #22] and Debtor filed an Amended Response to Creditor's Motion.[1] [Doc. #32]. At the August 24th hearing, both Debtor and Movants presented arguments in support of their respective positions.

This is a core proceeding under 28 U.S.C. §157(b)(2)(A), (K) and (O) and venue is proper under 28 U.S.C. §1409(a). The court has jurisdiction over core proceedings under 28 U.S.C.

---

1/ Debtor also filed a number of responsive documents that did not comply with this court's local rules. *See*, [Doc. ##26, 27, 31].

§§1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

Because Movants' Certificate of Judgment[2] complies with Ohio law and thus creates a valid Judgment Lien that provides Movants with standing to pursue relief from stay as to Debtor's real property, the Motion for Relief from Stay and Abandonment [Doc. #22] will be Granted.

## FACTUAL BACKGROUND

The Motion for Relief from Stay states that Movants, Jeffrey Simpson and Kelli Simpson, obtained a judgment against Debtor on March 9, 2017 in the amount of $609,386.56, plus statutory interest. [Doc. 22, pp. 1-2]. Debtor does not dispute this allegation. [Doc. 32, p. 1] The Motion states that a certificate of judgment was filed in Allen County, Ohio on March 13, 2017, at JD 2017 page 0147. [Doc. 22, pp. 2 & 8] Again, Debtor admits that Movants "did file a Certificate of Judgment (CJ) on March 13, 2017 in Allen County as alleged in the motion." [Doc. 32, p. 1]. The Motion alleges that the outstanding balance on the judgment is $511,789.60. [Doc. #22, p. 5].

It is Movants' position that they have a valid judgment lien that attaches to all property of the Debtor located in Allen County. Debtor owns two pieces of real estate in Allen County, the first parcel on Lennox Avenue, and a second parcel on Helen Avenue. [Doc. #32, pp. 2-3]. Both properties are located in Lima, Ohio. [*Id*.].

The Debtor asserts that the Lennox property was titled to Debtor and a third party, Robert A. Mulchay, Jr., based upon Debtor loaning money to Mulchay for a down payment on the property. [Doc. #32, p.3]. Debtor claims that the last payment has been made by Mulchay to Debtor, and that Debtor no longer has an interest in the property, although her name remains on the deed. [*Id*.].

The Helen Avenue property is being sold on land contract, although that information was not included in Debtor's original Schedules. [Doc. ##32, p. 2-3, & 32-1]. Debtor asserts that $32,000 of the $35,000 owed on the land contract has been paid. [*Id*.]. The response to the Motion for Relief from Stay argues that: "Before any action can be taken against this property [the land contract vendee] is entitled to notice and the opportunity to defend his claim." [Doc. 32, p. 3].

The Debtor has not claimed an exemption in either parcel of real estate.

---

2/ A copy is attached as Exhibit A.

## LAW AND ANALYSIS

For the following reasons, the Motion for Relief from Stay will be Granted.

At the Hearing, the parties appeared to be in general agreement that if the judgment lien in issue were valid, then the judgment lien creditor (Movants) would be entitled to relief from stay under 11 U.S.C. §362(d)(2)(A), as the lien would exceed the combined values of both properties, meaning that the Debtor "does not have any equity in such property".[3]

Under Section 2329.02 of the Ohio Revised Code:

> Any judgment or decree rendered by any court of general jurisdiction, including district courts of the United States, within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment, setting forth the court in which the same was rendered, the title and number of the action, the names of the judgment creditors and judgment debtors, the amount of the judgment and costs, the rate of interest, if the judgment provides for interest, and the date from which such interest accrues, the date of rendition of the judgment, and the volume and page of the journal entry thereof.

It is Debtor's position that the certificate of judgment filed in Allen County does not create a lien because it does not comply with all of the requirements of O.R.C. §2329.02. Movants assert that the certificate of judgment is essentially the same as the ones the court sees every week, and that it created a valid lien under Ohio law.

Property interests, including security interests and liens, are created and defined by state law. *Nobelman v. American Savings Bank*, 508 U.S. 324, 329, 113 S.Ct. 2106, 2110, 124 L.Ed.2d 228 (1993); *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979); *Corzin v. Fordu*, 201 F.3d 693, 700 (6th Cir. 1999). "While what constitutes a 'lien' may be broadly worded in the Bankruptcy Code, bankruptcy courts must still look to state law to determine whether a creditor has acquired a lien and to what property that lien attaches." *In re Helligrath*, 569 B.R. 709, 713 (Bankr. S.D. Ohio 2017)(citing cases).

---

3/ The properties in issue cannot be "necessary to an effective reorganization" under 11 U.S.C. §362(d)(2) because the Debtor is proceeding under Chapter 7, which is a liquidation proceeding, not a reorganization. *See*, *Matter of Vitreous Steel Prod. Co.*, 911 F.2d 1223, 1232 (7th Cir. 1990)("Because this is a liquidation under Chapter 7, there will be no reorganization. The only question faced by the bankruptcy court, then, was whether the debtor had equity in the property."); *see also*, *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 376, 108 S.Ct. 626, 633, 98 L.Ed.2d 740 (1988)(Being "necessary to an effective reorganization" means that "there must be 'a reasonable possibility of a successful reorganization within a reasonable time.'").

In analyzing Ohio law, this bankruptcy court must apply the "law of the state's highest court." *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1130 (6th Cir. 1995). But, if "the state's highest court has not decided the applicable law, then the federal court must ascertain the state law from 'all relevant data.'" *Garden City*, 55 F.3d at 1130 (citations omitted); *Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 147 (6th Cir. BAP 2006); *Owensby v. City of Cincinnati*, 385 F.Supp.2d 626, 631 (S.D. Ohio 2004)(listing what may be included in "relevant data", including lower state court opinions, federal court decisions, etc.).

In *Garden City*, the Sixth Circuit Court of Appeals quoted the following passage on "relevant data":

> [W]e are mindful that an intermediate appellate court's judgment that announces a rule of law is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.

*Garden City*, 55 F.3d at 1130 (quotation omitted).

Under Ohio law, a judgment, standing alone, does not give rise to a lien or security interest. *In re Helligrath*, 569 B.R. 709, 713 (Bankr. S.D. Ohio 2017); *French v. State Farm Mutual Auto. Ins. Co. (In re LaRotonda)*, 436 B.R. 491, 497 (Bankr. N.D. Ohio 2010). Although liens can be created in other ways, a judicial or judgment lien is generally created by filing a certificate of judgment in accordance with Ohio Revised Code Section 2329.02. *In re Davis*, 539 B.R. 334, 341 (Bankr. S.D. Ohio 2015). Upon filing a facially compliant certificate of judgment in a specific county, the lien then attaches to all real property owned by the judgment debtor in that county. Ohio Rev. Code §2329.02; *Davis*, 539 B.R. at 341; *Maddox v. Astro Investments*, 45 Ohio App.2d 203, 207, 343 N.E.2d 133, 136 (Ohio App. 12th Dist. 1975).

It is Debtor's position that there is no valid judgment lien on Debtor's real estate under Ohio law. Debtor states that the certificate of judgment "fails to state the amount of the court costs, the rate of interest, or the date from which interest will accrue. Instead the CJ[4] says 'PLUS COURT COSTS', 'PLUS INTEREST AT THE STATUTORY RATE', and 'FROM DATE OF JUDGMENT'". [Doc. #32, p. 2]. Debtor argues that because the certificate of judgment is facially non-compliant with the requirements of §2329.02, "no lien upon the lands exists at this

---

4/ Debtor's counsel defined "CJ" as "certificate of judgment" in her response.

time". [*Id*.]

Debtor is correct that the amount of court costs is not stated in the certificate of judgment, and determining the amount awarded would require looking at the court records. While the interest rate is not specifically stated in the certificate of judgment, the "statutory rate" can change[5], and is readily ascertainable because it is set by public statute. The statement that interest runs from the "date of judgment" makes "the date from which such interest accrues" clear from just a review of the certificate of judgment itself because it states: "Judgment was rendered in said case on 03/09/2017 and entered in Journal Number CV Page 1521". Accordingly, if strict compliance with §2329.02 were required, the failure to state the amount of court costs would be the strongest basis for finding that the certificate of judgment did not create a valid lien.

While there is not a great deal of Ohio law on this issue, the existing case law favors the Movants.

In *National City Bank v. Mustric*, an Ohio appellate court stated:

> In *Maddox v. Astro Investment* (1975), 45 Ohio App. 2d 203, 343 N.E.2d 133, the court stated that a certificate of judgment is a standard form containing a summary of the pertinent facts required by statute to give notice to the public of the existence of a lien upon real estate. In *Hower Corp. v. Vance* (1945), 144 Ohio St. 443, 451, 59 N.E.2d 377, the Ohio Supreme Court held that the provision of former General Code 11656 (now R.C. 2329.02) regarding the page and journal entry is for the convenience of the public and is directory rather than mandatory, and that compliance with those requirements of the statute is not vital to the validity of the certificate of judgment. This court holds that this same statement applies to the amount of court costs which is readily available from the records of the case referencing the certificate of judgment. Plaintiff's original certificate of judgment serves to notify the public of a lien against defendant's property located in Franklin County, Ohio. Once the public is placed on general notice of the lien, if more information is needed, it can be located readily in the appropriate court records. We find that the original certificate of judgment constitutes a valid and enforceable lien under Ohio law.

*National City Bank v. Mustric*, 108 Ohio App.3d 83, 85-86, 670 N.E.2d 260, 262 (Ohio App. 10th

---

[5]/ *See e.g.*, *Brown v. Consolidated Rail Corp.*, 614 F.Supp. 289, 292 (N.D. Ohio 1985)("The Ohio Legislature changed the statutory interest rate in Ohio Revised Code § 1343.03 from 8% to 10%, effective July 5, 1982."). The current judgment interest rate appears to be 4%. *See*, State of Ohio Dept. of Taxation October 12, 2017 Letter captioned: "In the matter of the Determination of the Interest Rates Pursuant to Section 5703.47 of the Ohio Revised Code." https://www.courtclerk.org/forms/judgment_interest_2018.pdf

5

Dist. Ct. 1995); *see also*, *Fifth Third Bank v. Mufleh*, 2005 WL 1125323 at *5, 2005 Ohio App. LEXIS 2238 at *14 (Ohio App. 6th Dist. May 13, 2005)(Citing *Mustric*: "Ohio courts have held the provisions of R.C. 2329.02 that apply to the amount of "costs" are directory, not mandatory, and serve only to notify the public of a lien against a debtor's property."); 62 Ohio Jur.3d Judgments §170 at 589 (2018). Notably, the discretionary appeal that was taken to the Ohio Supreme Court from the appellate court decision in *National City Bank v. Mustric* was not allowed, 76 Ohio St.3d 1409, 666 N.E.2d 569; and a motion for reconsideration was also denied by the Ohio Supreme Court, 76 Ohio St.3d 1439, 667 N.E.2d 988. There appear to be no contrary decisions that directly address the *Mustric* holding.

The holding in *Mustric* appears to apply even more strongly to the two other issues raised by Debtor regarding O.R.C. §2329.02's requirements that the certificate of judgment state: "the rate of interest, if the judgment provides for interest, and the date from which such interest accrues". As previously noted, Ohio's judgment rate of interest can be "located readily". The judgment rate is set by statute, and the same interest rate (calculated by the Tax Commissioner) is used for many purposes in Ohio. *See*, O.R.C. §§1343.03; 5703.47. Further, the "date from which such interest accrues" is readily apparent from the face of the certificate of judgment, which states that interest runs from the date of judgment, and states – albeit in a different location on the single page certificate of judgment – the date the judgment was granted.

For all of the reasons stated above, the court finds that the Ohio Supreme Court, if presented with these issues, would hold that the certificate of judgment in this case created a valid judgment lien on all real estate located in Allen County and titled in Debtor's name.

Finally, it does not appear that service on the two non-debtor parties who have an interest in the real estate is necessary for this court to rule on the Motion for Relief from Stay in this case. Where there is no "co-debtor stay", the protections of the automatic stay do not extend to non-debtor co-defendants. *See e.g.*, *In re Saleh*, 427 B.R. 415, 420 (Bankr. S.D. Ohio 2010). Moreover, this is not a situation where "in rem" relief was sought under §362(d)(4) and §362(b)(20). Accordingly, service on non-debtors who may claim an interest in the properties does not appear to be required for the bankruptcy court to grant stay relief. *See*, Federal Rule of Bankruptcy Procedure 4001(a)(1). Accordingly, to the extent that objection remains of record, it is denied.

Wherefore, for all of the reasons stated herein,

**IT IS ORDERED** that the Motion for Relief from Stay and Abandonment [Doc. #22] be, and is hereby, **GRANTED.**

7

CERTIFICATE OF JUDGMENT
R.C. 2329.02
Court of Common Pleas
Allen County
Lima, Ohio

I, Margie J Murphy Miller, Clerk of the Court of Common Pleas of Allen County Ohio, do hereby certify that an action as case number CV 2016 0189 wherein

JEFFREY SIMPSON                                            PLAINTIFF (S)

                            VS
STANSON INVESTMENTS, LLC                                   DEFENDANT

was filed and commenced in the Common Pleas Court of Allen County on 04/06/2016
Judgment was rendered in said case on 03/09/2017 and entered in
Journal Number CV 2017 Page 1521

Judgment Creditor: JEFFREY SIMPSON

Judgment Debtor: STANSON INVESTMENTS, LLC        BROOK & MARLIN PERKINS
                 AND LEXIE PURDY
                 C/O LEXIE PURDY STAT AGENT

Judgment Amount: $609,386.56
Interest Rate: PLUS INTEREST AT THE STATUTORY RATE
From: FROM DATE OF JUDGMENT
Court Costs: PLUS COURT COSTS
Additional costs:
STATE OF OHIO: Allen County

I Margie J. Murphy Miller, Clerk of the Common Pleas Court of Allen County, Ohio, do hereby certify that the within and foregoing is taken and copied from the original records on file in my office, and that it is a true and correct Certificate of said Judgment.

Given under my signature and seal this 13th day of March 2017.

MARGIE J MURPHY MILLER Clerk of Courts

_Kacie R. Roberts_
Deputy

---

CERTIFICATE OF JUDGMENT
FOR LIEN UPON LANDS AND TENEMENTS

Filed: MARCH 13, 2017, at 10:43 o'clock, A.M.
Docketed in Judgment Docket No. JD 2017  Page 0147

MARGIE MURPHY MILLER
Clerk of Courts

ALLEN County, Ohio

by _Kacie R. Roberts_
Deputy Clerk